Mr. Justice Nott
delivered the opinion of the Court. It would perhaps be sufficient to say, that the Court is satisfied with the verdict in this case, for the reasons given in the report of the Recorder. I will, nevertheless, add that the failure of an administrator to plead plene adminis-travit, is an(admission of assets in his hands sufficient to ,pay the debt. Whenever therefore a f. fa. in such case is issued against the goods of his intestate, it is his duty to pay the debt, or to point out the property of which the money is to be made. If no property is to be found, on which the execution can be levied, it furnishes prima facie evidence that the goods have been'wasted. I say prima facie, because, if the goods should be destroyed by the act of God, or taken out of the possession of the administrator by any means.not within his control, perhaps he might be permitted to rebut that evidence by the proof of such fact. But on that point I give no opinion, as no such proof was offered in this case. It operates no hardship or injustice upon the defendant. If he have assets, he ought to pay the money; if he have not, he must plead it. His situation is precisely the same as every other defendant who fails or neglects to protect himself by a proper plea. It is no answer to say that the scire facias, or an action suggesting a devastavit is idle, if the first judgment is Conclusive against the defendant. The same may be said of a scirefacias to revive a judgment or against bail. The judgments in those cases are both conclusive against the defendant up to the time at which they were obtained. The object of this proceeding, is not to afford the defendant an opportunity to re-try the original action, but to shew whether there is any radical defect apparent on the face of the record which renders it void; or whether any thing has occurred since to relieve him from the ultimate responsibility which had. attached upon him by such judgment.
*80 The question of jurisdiction is not more difficult. A devastavit does not usually result from a single act: it depends upon the whole course of administration, it is personal in its nature, and perhaps is incapable oí distinct location. I will not undertake to say how the question might have been viewed, if the administrator had been in one place, the judgment in another, and the residence of the defendant in a third.' But as they all happened in Charleston, it cannot be made a question where the devas-tavit happened.
The motion therefore must be refused.
Justices Colcock, Richardson and Huger, concurred.